IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **RAYFORD SMITH,** § | |
| *Plaintiff*, § | |
| § | |
| vs. § | Civil Action No. 5:21-CV-01035-OLG |
| § | |
| **WORKRISE TECHNOLOGIES INC.** § | |
| **and HCS RENEWABLE ENERGY** § | |
| **LLC,** | |
| *Defendants*. | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, by his attorney, Dennis L. Richard, makes the following Amended Complaint against Workrise Technologies Inc. (Workrise) and HCS Renewable Energy LLC (HCS) and alleges:

### JURISDICTION AND VENUE

**1.** This Court has jurisdiction over the subject matter and the parties to this case. Title 42, United States Code, Section 1981 states: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." Workrise and HCS have conducted business in Bexar County and therefore venue properly lies in the Western District of Texas.

### JURY DEMAND

**2.** Plaintiff has requested trial by jury.

1

## AGENCY

3. Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that Defendants' officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of or by Defendants and was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees or representatives.

## FACTS

4. This case is founded upon Defendants' violations of 42 U.S.C. 1981. Title 42, United States Code, Section 1981 establishes an independent cause of action against private, non-governmental actors like Workrise and HCS for discrimination on the basis of race. Rayford Smith (Smith) was an at-will employee of Defendants and a licensed electrician. Smith is an African-American and a member of a racial minority. Workrise's and HCS's supervisor, Romeo LNU, terminated Plaintiff for the stated reason that Smith failed to demonstrate acceptable production during Smith's one week period of employment. According to Defendants, Humberto Apolinar was a more productive employee for Defendants and the reason for terminating the contract of employment with Plaintiff. That reason was a pretext for the real reason, Race Discrimination. Apolinar only worked four days of the week during which Defendants measured the two employees productivity. On June 23, 2021, Plaintiff took a picture of Apolinar at 7:50 a.m. asleep on the job. Defendants' employees began that morning at 7:00 a.m. Apolinar was absent one day during the week, asleep on the job and not even a licensed electrician when Plaintiff was terminated. Smith and Apolinar had worked on other jobs together and on at least two occasions Plaintiff served as the lead electrician responsible for supervising Apolinar. Clearly, Plaintiff has shown that a similarly situated employee not the member of Smith's racial minority, was treated

differently. Apolinar was retained and Smith was terminated. The pretextual reason for termination voiced by Romeo LNU confirms a scheme of Racial Discrimination and violations of 42 U.S.C. 1981.

## DAMAGES

5. By reason of Defendant's acts and conduct, as herein alleged, Plaintiff has been damaged as follows:

a.) Compensatory damages (including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic damages) allowed under 42 U.S.C. 1981.

b.) Economic damages in the form of lost back pay and lost fringe benefits in the past. Economic damages, in the form of lost wages and fringe benefits that will, in reasonable probability, be sustained in the future.

c.) Attorney's fees pursuant to applicable statutes.

d.) Punitive damages for Defendants engaging in unlawful intentional employment practices and engaging in discriminatory practices with reckless indifference to the protected rights of an aggrieved individual, Plaintiff Rayford Smith. Said conduct also amounts to a conscious indifference to the rights and welfare of Smith. Plaintiff also seeks punitive damages under his claims for violation of Section 1981 of the Civil Rights Act of 1866.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial of this cause, Plaintiff has and recovers of and from the Defendants actual damages and punitive damages in a sum within the jurisdictional limits of this Court, pre-and post-judgment interest as allowed

by law, attorney's fees, costs of Court, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

__/s/*Dennis L. Richard*____
Dennis L. Richard
SBN:  16842600
**LAW OFFICE OF DENNIS L. RICHARD**
14255 Blanco Road
San Antonio, TX 78216
Telephone:  (210) 308-6600
Telecopier:  (210) 308-6939
dennislrichardlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of November 2021, I caused a true and correct copy of the above and foregoing Plaintiff's First Amended Complaint to be filed with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record:

Buena Vista Lyons
vlyons@fordharrison.com
FordHarrison LLP
1601 Elm Street, Suite 4450
Dallas, Texas 75201
Telephone: (214) 256-4700
Fax: (214) 256-4701